## SUEL WINN *versus* REBECCA CABOT.

A grantor conveyed all his farm in S. bounded, &c. also six acres of woodland, described by bounds, " being the same farm whereof M. died seised, and which the heirs of M. conveyed to me by two deeds recorded," &c. It was *held*, that the woodland passed to the grantee, although it was never owned by M. nor conveyed by his heirs to such grantor.

WRIT of entry to recover a wood lot in the " Six hundred acres," so called.

The parties stated a case.

The demandant claimed the premises under an execution against Benjamin Wilson, which was duly extended thereon, in 1820.

On the 12th of August, 1815, Wilson, being seised of the demanded premises and of other lands in Saugus, executed a deed, by which he mortgaged to the tenant, " all that my farm situated in Saugus," &c. " containing about eighty acres of land, be the same more or less," &c. " bounded easterly," &c. " and southerly, on the Six hundred acres, so called. Also six acres of woodland [the demanded premises] in said Six hundred acres so called, bounded easterly and northerly on the range lines, westerly on Joseph Eaton, and easterly on John Ballard, or however otherwise the premises are bound-

*Winn
v.
Cabot.*

ed ; being the same farm whereof Thomas Mansfield, late of Lynn, died seised, and which the heirs of said Thomas conveyed to me by two deeds recorded," &c. " reference being thereunto had."

It appeared, that the demanded premises were conveyed to Wilson by Joseph Sweetser, on the 25th of November, 1805, and were never owned by Mansfield ; that, in 1812, Wilson sold to one Oliver a small parcel of the farm, which had been conveyed to him by the heirs of Mansfield ; and that in 1814 he conveyed to the Lynn Wire Company, another parcel thereof containing between eight and nine acres.

If the Court should be of opinion, that the demanded premises passed by the mortgage deed, the demandant was to become nonsuit ; otherwise, the tenant was to be defaulted.

*Nov. 6th,
1835.*

*Saltonstall* and *B. Merrill*, for the tenant, cited *Jackson* v. *Clark*, 7 Johns. R. 217 ; *Worthington* v. *Hylyer*, 4 Mass R. 196 ; *Child* v. *Ficket*, 4 Greenl. 471 ; *Willard* v. *Moulton*, 4 Greenl. 14 ; *Vose* v. *Handy*, 2 Greenl. 322 ; *Drinkwater* v. *Sawyer*, 7 Greenl. 366.

*Choate*, for the demandant.

*May term
1837.*

WILDE J. afterward drew up the opinion of the Court. The only question in this case is, whether the demanded premises passed to the tenant by the mortgage deed, under which she derives her title. By that deed Wilson conveyed all his farm in Saugus ; and, after bounding it, the following clause is added : " also six acres of woodland in the Six hundred acres, so called, bounded easterly and northerly on the range lines, westerly on Joseph Eaton, and easterly on John Ballard, or however otherwise the premises are bounded, being the same farm whereof Thomas Mansfield, late of Lynn, died seised, and which the heirs of said Thomas conveyed to me by two deeds recorded, &c. reference thereto being had."

On the part of the demandant, it is contended, that this special and particular reference must control the previous description, and is decisive to show that the wood lot was not intended to pass, as it never was the property of Mansfield, but was conveyed to Wilson by one Joseph Sweetser. But it seems to us very clear, that taking the whole description of the mortgaged premises together, there can be no doubt that

the wood lot did pass by the mortgage deed.. The first part of the description describes the farm by metes and bounds ; then follows a description of the wood lot ; and, in conclusion, a reference is made to the grantor's deed from the heirs of Mansfield, which include the land first described, being the principal part of the premises mortgaged, but do not include the wood lot. But this lot was expressly included. in the mortgage and described, and the mistake appears to be in supposing the mortgager derived his title from the heirs of Mansfield : unless the wood lot was considered as no part of the farm, which was, perhaps, so understood ; and if so, there is no inconsistency in the description of the granted premises, and the reference to the deeds from the heirs of Mansfield. The mortgage deed first describes a farm *eo nomine*, then a wood lot, and then concludes as before recited, " being the same farm," &c. But however this may be, we are of opinion that the mistake, if any there were, was in the reference to the mortgager's title deeds, as the wood lot was expressly granted.

*Demandant nonsuit*